UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------x
ENDURANCE AMERICAN INSURANCE
COMPANY,

                    Plaintiff,          Civil Case No.:

v.

                                      **COMPLAINT FOR**
                                    **DECLARATORY JUDGMENT**

QBE INSURANCE CORPORATION
AND RODNEY BOYD

                    Defendants.
------------------------------------------------------------x

Plaintiff, ENDURANCE AMERICAN INSURANCE COMPANY ("Endurance" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, QBE INSURANCE CORPORATION ("QBE") and RODNEY BOYD ("Boyd").

## NATURE OF THE ACTION

1. In this action, Endurance seeks a declaration that QBE is obligated to defend and indemnify QBE's insured, Galaxy Tower Condominium Association ("Galaxy") in connection with an Underlying Action.

2. Rodney Boyd ("Boyd") alleges he suffered injuries on July 7, 2019, and filed an underlying action on June 14, 2021 in the Superior Court of New Jersey, Law Division, Hudson County, which was subsequently amended by Boyd on April 29, 2022. ("Underlying Action").

3. On August 5, 2022, Galaxy filed a Third-Party Action against QBE's Named Insured, and Boyd's employer, Planned Building Services, Inc. ("PBS") in the Superior Court of New Jersey, Law Division, Hudson County ("Third-Party Action").

4. Endurance has been forced to defend Galaxy in the Underlying Action, pay for the prosecution of the Third-Party Action, and has incurred costs and expenses because of QBE's refusal to defend and indemnify Galaxy.

## PARTIES

5. At all times material hereto, Endurance was and is a Delaware insurance company.

6. At all times material hereto, QBE was and is a Pennsylvania insurance company and is licensed and authorized to do business in the State of New Jersey, including the issuance of insurance policies in the State of New Jersey.

7. At all times material hereto, Boyd was, and is, domiciled in Hudson County, New Jersey.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

9. Personal jurisdiction over QBE is proper as it is domiciled in Pennsylvania and conducts business in the State of New Jersey.

10. Personal jurisdiction over Boyd is proper as he is a resident of, and domiciled in, Hudson County, New Jersey.

11. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

12. QBE issued a Commercial General Liability Policy to its Named Insured, PBS ("QBE Policy").

13. The QBE Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

14. Galaxy qualifies as an Additional Insured under the QBE Policy on a primary and non-contributory basis.

## CONTRACT

15. In a November 16, 2018 contract, wherein PBS was charged with maintenance and repairs of subject premises, PBS agreed to procure insurance on behalf of Galaxy, and to name Galaxy as an Additional Insured on its own insurance policy with QBE ("Contract").

## ACCIDENT AND UNDERLYING LAWSUIT

16. On June 14, 2021, a Complaint was filed entitled, *Rodney Boyd v. Galaxy Tower Condominium Association, Steven Weingord, "John Doe," "Jane Doe" and "XYZ Corp.*"; Superior Court Of New Jersey Law Division Hudson County; Docket Number HUD L 2361-21.

17. On April 29, 2022, an Amended Complaint filed entitled, *Rodney Boyd v. Galaxy Tower Condominium Association, Steven Weingord, "John Doe," "Jane Doe" and "XYZ Corp." (Fictitious Names), First Service Residential*; Superior Court Of New Jersey Law Division Hudson County; Docket Number HUD L 2361-21 ("Underlying Action").

18. In the Underlying Action, Boyd alleges that on July 7, 2019 he was working at Galaxy Tower Condominium Association, 7000 Boulevard East, Guttenberg, New Jersey when he fell and was injured.

19. At the time of his alleged injury, Boyd was an employee of PBS.

20. On August 5, 2022, Galaxy filed the Third-Party Action against PBS.

21. It is alleged that PBS is responsible for Boyd's alleged accident and Boyd's alleged injuries.

22. Endurance assigned counsel to defend Galaxy and is paying for Galaxy's defense in the Underlying Action and prosecution of the Third-Party Action.

## TENDERS

23. On September 3, 2021, Endurance tendered Galaxy's defense and indemnity in the Underlying Action to QBE.

24. QBE failed to respond to the tender.

25. Due to QBE's failure to respond to Endurance's tender, on September 6, 2023, Endurance again tendered Galaxy's defense and indemnity in the Underlying Action to QBE.

26. On January 18, 2024, nearly two and a half years after Endurance's original tender, QBE improperly denied coverage and rejected the tender under the QBE Policy.

27. Although QBE admitted that its Named Insured, PBS, was aware of the alleged condition seven months prior to Boyd's alleged accident, and did nothing to fix or remedy the condition, thus exposing its own employee, there was no coverage under the QBE Policy.

28. QBE stated that it was QBE's opinion that PBS was not negligent "in whole or in part" in the accident of its own employee and thus the Additional Insured endorsement in its policy had not been triggered.

29. Due to QBE's factually and legally improper declination of coverage, on February 23, 2024, Endurance again tendered Galaxy's defense and indemnity in the Underlying Action to QBE.

4861-3039-0700, v. 2

30. On February 28, 2024, QBE again improperly denied coverage and rejected the tender under the QBE Policy.

31. QBE asserted its opinion, in the lack of any judicial determination, that although PBS admittedly worked on the exact location where Boyd claims the dangerous condition was present and where Boyd claims he was injured, QBE does not believe that Boyd's alleged accident was "caused in whole or in part" by PBS.

32. QBE has improperly failed to defend and indemnify Galaxy in connection with the Underlying Action under the QBE Policy.

33. Endurance has been forced to defend Galaxy in the Underlying Action, pay to prosecute the Third-Party Action, and has incurred costs and expenses because of QBE's improper refusal to defend and indemnify Galaxy.

34. An actual controversy exists between Endurance and QBE with respect to QBE's duty to defend and to indemnify Galaxy in connection with the Underlying Action.

35. Endurance has no adequate remedy at law.

### **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

36. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "35'' as if fully set forth herein.

37. The subject accident and the Underlying Action fall within coverage afforded by QBE under the QBE Policy.

38. Galaxy is QBE's insured under the QBE Policy and is entitled to defense and indemnity from QBE in connection with the subject accident and the Underlying Action.

39. QBE must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Galaxy under the QBE Policy.

4861-3039-0700, v. 2

40.     Endurance is entitled to a declaration that QBE has a duty to defend and indemnify Galaxy on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Endurance for past costs and expenses incurred for Galaxy as an Additional Insured under the QBE Policy.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

41.     Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "40" as if fully set forth herein.

42.     The subject accident and the Underlying Action fall within the coverage afforded by QBE under the QBE Policy.

43.     All terms and conditions of the QBE Policy have been complied with and met.

44.     QBE is obligated to defend and to indemnify Galaxy on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the QBE Policy.

45.     QBE has breached its obligations by refusing to defend and to indemnify Galaxy in connection with the subject accident and the Underlying Action under the QBE Policy.

46.     As a result of QBE's breach of its obligation to defend and to indemnify Galaxy in connection with the subject accident and the Underlying Action, Endurance has been required to incur costs that should have been incurred by QBE and continues to do so.

47.     Endurance has suffered and will continue to suffer damages on account of QBE's refusal to fulfill its obligations to defend and to indemnify Galaxy in connection with the subject accident and the Underlying Action.

4861-3039-0700, v. 2

48. QBE is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Galaxy in connection with the subject accident and the Underlying Action, including paying past costs and ongoing costs, fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that QBE has a duty to defend and to indemnify Galaxy on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the QBE Policy and to reimburse Endurance for past costs and expenses;

b. Awarding Endurance all damages incurred by virtue of QBE's breach of its obligation to defend and to indemnify Galaxy in connection with the subject accident and the Underlying Action; and

c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
March 15, 2024

LONDON FISCHER LLP

/s/ Daniel W. London
By: Daniel W. London
Attorneys for Plaintiff
Endurance American Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 400.0567002